Martin, J.
This suit was brought on the defendant's promissory note for $600, payable to the plaintiff. on the 1st of March, 1816.
The defendant pleaded the general issue and payment, averring it had been given to one Edwards for collection, to whom the defendant paid it, on the 28th of March, 1816, at Natchez, and took his receipt. Edwards saving the note was in his trunk, at Natchitoches; that the note was found among Edwards' paper, after his death, in the fall of 1817, at New-Orleans.
The district court gave judgment for the plaintiff, "the law and evidence being in his favor." and the defendant appealed.
The statement of facts shews, that the plaintiff gave the note in evidence, and proved its execution. A receipt for $300, paid on the 5th of May, 1816, was on the back of it, subscribed T. Welsh.
The defendant gave in evidence, Edwards' *330 receipt, and the deposition of Smith and Rogers.
Smith, after proving Edwards’ signature at the foot of the receipt, deposed that he heard him say to the defendant, that the note was in his trunk at Natchitoches, and he was sorry he had not brought it.
Rogers deposed, he had heard T. Welsh tell the defendant, some time in 1818, that part of the note had been paid him by Edwards, he thinks about $300, but the rest was due; that the note had been given to Edwards for collection, and was lost.
It was admitted, that it was found among Edwards’ papers, after his death, at New-Orleans, in the fall of 1817.
The plaintiff, to rebut the defendant’s evidence, read Edwards’ receipt, on the 25th of August, 1817, acknowledging that the note was given him to collect its amount; and a letter of the defendant to one Dill, in which are the following expressions: “I wish you would inform T. Welsh, that I wish he would sue Kennedy for the mule, and when it is recovered, to keep it himself for the delay of the payment of his money. It will be out of my power to return very soon, and I wish to *331 receive the balance of his money when Edwards comes up.” This letter is of May, 23, 1816.
The defendant’s counsel has prayed, that the appeal be dismissed for want of jurisdiction in this court. The note is for $600, with interest, at 10 per cent. till paid. $300 are claimed of the principal, and interest for a considerable time, on the whole sum and the balance; it is therefore clear, that the plaintiff’s demand exceeds the sum of $300 by this interest; and that, consequently, this court has jurisdiction.
The plea of the general issue is supported.
The defendant has produced Edwards’ receipt for the whole sum; but he has not shewn that Edwards, when he gave this receipt, had authority to receive payment. He has shewn that the note was given to Edwards for collection, by one T. Welsh; but has not shewn that this was before the date of Edwards’ receipt. The plaintiff, on the contrary, has shewn that Edwards gave a receipt therefor, to T. Welsh, about eleven months after he received payment from the defendant.
Who this T. Welsh was, and his authority *332 to act as the plaintiff's agent, does not appear; but as the plaintiff has produced the receipt which he took from Edward for the note, and the receipt for $300, which he endorsed on the note, must be taken to have been written with his consent; I conclude that he is sufficiently shewn to have been the plaintiff’s agent, and this does not appear to be denied, but rather admitted in the argument of the counsel.
As the authority of Edwards to receive payment for the plaintiff, does not appear, it must be presumed not to have existed at the time the defendant took his receipt. It is true, it is in evidence, that he paid the $300 which T. Welsh endorsed on the note; but this circumstance does not establish, that he had received that sum as the agent of the plaintiff. any more than that he undertook to convey and pay it for the defendant.
Does the authority to collect, given in 1817, amount to a ratification of the payment made in 1816, by the defendant to Edwards ? Certainly not. It does not appear, that this payment was known to Welsh when he gave the note to Edwards. Iniquum est perimi de pacto id de quo cogitatum non est. Indeed the deli *333 very of the note for collection, would rather go to prove a disavowal of that payment. For to what purpose would be the authority to collect a sum already paid ?
The declaration of Edwards, that he had the note in his trunk at Natchitoches, is no evidence against the plaintiff, as there does not appear that there was any privity between him and Edwards.
Edwards' receipt to the defendant shews, that he intended to receive, and the defendant to pay, a sum due to Edwards, in his own right, as the plaintiff's assignee; for he gives the receipt in his own name, not as agent of the plaintiff in receiving payment, nor of the defendant, in receiving a sum which was intended to be paid through him to the plaintiff.
The receipt of this money, under a suggestion (which, as it is not proven, we must consider untrue) that he was the assignee, or proprietor of the note, rendered him liable to the present defendant's action to recover the money, Has the claim of the defendant been marred, suspended, or destroyed by any thing done by the plaintiff, or T. Welsh, her agent ?
*334 The authority given to Edwards to collect, could not have availed him, if the defendant had brought his action for money had and received; even if Edwards had shewn payment to the plaintiff, unless he could have shewn, which does not appear, that he received the money from the defendant, to convey it to the plaintiff; or that he had authority, at the time he received it, he could not have resisted the present defendant’s claim.
Without such authority, either from the plaintiff to receive, or from the defendant to pay over—payment to the plaintiff could be of no avail; for the present defendant, shewing that he paid, thro’ error, the money must be considered as his own still, and rightly due him by Edwards, who could no more avail himself of payment to the present plaintiff, than of payment to any other real or pretended creditor of the present defendant.
I conclude, we ought to affirm the judgment of the district court with costs.